IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGIE PORTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   04 C 6009 |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | HONORABLE DAVID H. COAR |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Virgie Porter sought social security disability benefits from the Social Security Administration. Her application was denied, as was her post-hearing appeal. She then sought judicial review in this Court. In March 2006, this Court reversed the Administrative Law Judge's denial of her appeal, finding the ALJ's discussion of the medical evidence and his decision to discount Porter's testimony "frankly incredible." This Court remanded for further proceedings consistent with its summary judgment opinion. Porter now files a petition for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq*.

Under Section (d)(1)(A) of the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Porter will be entitled to fees and costs if she can

show that she is the prevailing party; the government's position was not substantially justified; no special circumstances exist that make an award unjust; and the fee application was submitted to the court within 30 days of final judgment and is supported by an itemized statement. *See United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (quotations omitted).

Porter easily satisfies the timeliness and prevailing party prongs. This Court issued its opinion reversing the ALJ's decision and remanding to SSA for further proceedings on March 23, 2006. Porter filed her petition for fees and costs on April 21, 2006. This Court's order did not become final until the close of the time period for appeals, or June 23, 2006. The government, however, states that it does not object to Plaintiff's premature filing. 28 U.S.C. § 2412(d)(1)(B). Porter is a prevailing party because this Court remanded her case pursuant to sentence four of the Social Security Act. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). In addition, Porter qualifies as an eligible "party" under the EAJA because her net worth "did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Porter seeks fees and costs in the amount of $25,230.59, representing 154.6 attorney work hours and 11.2 hours of paralegal time. She supports her petition with detailed billing statements and a copy of the consumer price index for urban consumers. The Commissioner objects to Porter's motion, claiming special circumstances would make such an award unjust. Specifically, the Commissioner argues that Porter's attorneys reimbursement for an unreasonably large number of work hours, most of which occurred after the Commissioner offered to stipulate to a remand for further proceedings. Accordingly, the Commissioner contends that this Court should deny Porter's petition in its entirety or, at a minimum, reduce the fees.

The question for this Court in determining whether to grant Porter's petition is whether the government's pre-litigation conduct or its litigation position was "substantially justified." *See Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006) (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). The government bears the burden of proving that its position was substantially justified under the EAJA. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (citing *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991)). Prior to moving for summary judgment, the Commissioner sought a remand for additional time to search for the missing page[1] of the ALJ's decision and, if the page could not be located, to conduct a *de novo* hearing on Porter's benefits claim. Porter opposed this motion, contending that after four years of seeking benefits, it was inequitable to grant additional time to the Commissioner. In addition, she sought sanctions against the Commissioner. This Court denied the motion to remand, in part because to do otherwise would be to give SSA a second bite at the proverbial apple for losing a portion of the record and stymying Porter's appeal. But without the complete record of the administrative proceedings, this Court could do no more than it ultimately did: order a remand for additional proceedings consistent with its opinion. Although this Court remanded pursuant to sentence four of 42 U.S.C. § 405(g) and not, as the Commissioner had requested, sentence six, it does not necessarily follow that the Commissioner's position lacked substantial justification.

To be substantially justified, the Commissioner's position must have "a reasonable basis in truth," according to the facts alleged; "a reasonable basis in law," given the theory proposed; and "a reasonable connection" between facts and theory. *Hallmark*, 200 F.3d at 1080 (citing *Phil*

---

[1] The Commissioner notified this Court in her motion to remand that the SSA was unable to locate Porter's claim file at all.

*Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987)). The ALJ's opinion in the record is incomplete. As discussed in this Court's summary judgment opinion, however, the portions of the opinion that can be found in the record strongly suggest that the ALJ's opinion failed to reasonably connect facts and law and, therefore, was not substantially justified. As emphasized in the earlier opinion, the ALJ's opinion "display[ed] a lack of analysis or logical link between the evidence and [his] ultimate findings." Mem. Op. at 15. Indeed, only the incompleteness of the record prevented this Court from reversing the ALJ and awarding benefits to Porter. The Commissioner's litigation position, of course, was that this Court should remand the matter to the SSA. But the Commissioner did not simply want to remand the matter for *further* proceedings. Instead, she sought 90 days additional time to search for the missing page of the ALJ decision or remand for *de novo* proceedings. But this Court found that *de novo* proceedings were not warranted; the Commissioner should not get an opportunity to start over after such an inauspicious first try. This Court therefore finds that the Commissioner's position was not substantially justified.

The Commissioner next argues that the fees sought are so excessive as to constitute a special circumstance which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A), (B). The Commissioner submits cases from this District in which courts reduced fee awards in cases where attorneys expended substantially fewer hours of time. In some cases, the attorneys' hours covered proceedings at both the district and appellate court levels. *See, e.g., Palmer v. Barnhart*, 227 F. Supp. 2d 975, 978 (N.D. Ill. 2002) (finding 122 hours reasonable for both district and appellate court work); *Crosby v. Halter*, 152 F. Supp.2d 955, 961-62 (N.D. Ill. 2001) (finding $24,827.86 award reasonable for district and appellate court work by experienced social security

attorneys). Here, Porter's attorneys seek over $25,000 for 154.6 attorney hours (split over three attorneys) and 11.20 paralegal hours. This represents 154.6 attorney hours, multiplied by an hourly rate of between $152.19 and 158.91; and 11.2 paralegal hours multiplied by an hourly rate of $97.72 and $102.04.[2] And that is only for district court work.

      A review of Plaintiff's attorneys billing records reveals that although Joel W. Rice was Porter's appointed counsel, two associates at his law firm provided the majority of the hours billed. When reviewing an EAJA petition, a court excludes "excessive, redundant or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). In this case, Plaintiff's attorneys spent 37.4 hours on reviewing the administrative record and transcript, performing legal research and drafting Porter's motion for summary judgment. They spent an additional 42.1 hours preparing Porter's response to the Commissioner's motion for summary judgment. This is excessive. Porter's appeal did not raise numerous or complicated issues of law. By contrast, in cases that did involve complicated issues or required preparation of numerous documents – which this case did not, courts have approved approximately 40 to 60 hours of attorney time. *See, e.g., Rice v. Apfel*, 16 F. Supp. 2d 971, 974 (N.D. Ill 1998) (approving fees for 37.25 hours spent preparing main and reply briefs, given attorney's experience and the work involved). A review of Plaintiff's attorneys' billing records indicates that associates at Rice's law firm expended approximately 79 hours on reviewing the record, researching the law, and drafting Plaintiff's summary judgment motion and reply, and Plaintiff's response to Defendant's summary judgment motion. Attorney Rice then spent approximately 22 hours reviewing and

---

[2] Plaintiff's attorneys calculated fees based on monthly rates, noting that the Consumer Price Index ("CPI") varies from month to month. Plaintiffs do not provide any case law supporting their calculations based on monthly variations in the CPI.

revising the associates' work. This constitutes "excessive, redundant, or otherwise unnecessary" work, and this Court accordingly excludes 39 of the associates' hours. That leaves 40 hours expended by associates, and 22 hours expended by Rice on the litigation before this Court issued its summary judgment ruling.

But the Commissioner contends that the excessive hours continued into the preparation of the fee petition. First, the billing record reveals that Plaintiff's counsel expended over 3 hours to substitute an attorney and file an appearance. This is clearly excessive, given the routine nature of such a task. This Court hereby excludes 2 of those hours. Further, two of Plaintiff's attorneys spent 37.2 hours researching and preparing the EAJA fee petition. This represents a disproportionate amount of time relative to the time spent on Porter's disability benefits appeal. In fact, the number of hours spent on the fee petition is virtually equivalent to the number of hours spent on the district court portions of other cases. *See, e.g., Rice*, 16 F. Supp. 2d at 974. The Commissioner notes that a significant portion of Porter's EAJA petition reiterates facts and argument from Plaintiff's summary judgment briefs. This Court agrees and accordingly reduces Plaintiff's attorney hours related to the fee petition to 12. Thus, this Court will award fees for a total of 88.2 hours of attorney work. Plaintiff asks this Court to enhance the hourly rate at which her attorneys will be compensated because of an increase in cost of living since the EAJA was enacted. The statute allows for such adjustment, within the court's discretion. 28 U.S.C. § 2412(d)(2)(A). To establish the appropriate rates for the years in which plaintiffs' attorneys performed work, a court determines how much consumer prices have increased since March 1996, when Congress set the statutory rate at $125. The court does so by using the consumer price index for urban consumers (CPI-U), which reflects the change in price of all goods and

services, including legal services, purchased for consumption by urban households. *See Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994). This Court calculates the rates at $150 per hour for 2004; $155 for 2005; and $159 for 2006. Because almost all the work occurred in 2005 and 2006, the court will calculate using those rates. Accordingly, 72.6 hours times $155 per hour in 2005, plus 15.6 hours times $159 per hour in 2006 yields $13,733.40.

Plaintiff seeks fees for 11.2 hours of paralegal work, at an hourly rate of $95. Defendant objects to the hourly rate and the amount of hours expended. This Court considers use of paralegals to be an appropriate way of containing legal costs and will not discount those hours. However, the court agrees with Defendant that $95 is an excessively high rate. Plaintiff cites only one case in support of this figure and ignores several others, both contemporaneous and more recent, that awarded lower figures. *Embry v. Barnhart*, 2003 WL 22478769, at *2-3 (N.D. Ill. Oct. 31, 2003). *But see, e.g., Henderson v. Barnhart*, 2004 WL 868396, at *3 (N.D. Ill. Apr. 20, 2004) (paralegal rates of $75 per hour); *Sadler v. Barnhart*, 2004 WL 419908, at *2-3 (N.D. Ill. Feb. 25, 2004) (paralegal rates of $85 per hour); *Holland v. Barnhart*, 2004 WL 419871, at *1-2 (N.D. Ill. Feb. 3, 2004) (paralegal rates of $50 per hour). This Court accordingly reduces the paralegal hourly rate to $80. Thus, Plaintiff is awarded 11.2 hours times $80 per hour, or $896.

Additionally, Plaintiffs seek $26.10 in photocopying costs. Defendant does not object. Costs are awarded as requested.

## Conclusion

For the foregoing reasons, this Court awards Plaintiff Virgie Porter fees and costs in the amount of $14,655.50.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **June 19, 2006**